to the court. George Blazaki appearing for the appellant James saying. And I would like to reserve three three minutes for rebuttal. It's our position that the district court. Committed legal error in several respects. As outlined in the issues in our opening brief. That she only allowed my client to proceed on an. Equal protection argument based on two citations of automobiles. In January 2004. It's our position that. There should have been more issues presented at the trial. Specifically over a period from 1996 to 2004. My client asserts that the city of Oakland through its agents. Wrongfully recorded approximately $50,000. Of alleged special priority assessments. Which were totally false bogus and fraudulent. My client has standing to dispute these lanes because he had to pay $33,000. To save his business and residential property in Oakland. In April of 2006 before the property was to be sold. At a public auction claim with respect to those you call them assessments lanes. What's that what's your theory. Our theory is. The case has been pending for approximately five years. They have presented no evidence. What's your constitutional theory. The 14th Amendment to the United States. Three action alleging a violation of a federal constitutional right. Right. The right that you're seeking to vindicate the United States Constitution. 14th Amendment states that life. Liberty and property is protected from unreasonable interference by governmental authority. In this instance. My client's property. I take that to mean you're alleging a due process violation. Absolutely. Substantive or procedural. A substantive due process or a procedural. Both Your Honor. And. So what's the let's start with procedural. What's the procedural due process. The procedural due process. Is on at least two occasions. My client in writing. Requested a due process hearing. To be able to state his position on. These false liens that he was disputing. Okay. Now do you can do you contend. When do you contend he was entitled to that hearing. At the very least when he submitted those letters. I believe they were. Sometime in March of 2004 before the first. Public sale of those properties. Let me ask you this. So when the city. Whatever. On whatever basis. Apparently it decided for some reason. It was going to impose those assessments or liens. Okay. So. What's your. Contention that. What should they have done. To comply with the constitution. Okay. First of all. Under state law. Under the government code section. 38773.1. And 38773.5. Before you can allege. Any type of abatement. Under a nuisance theory or related theory. You must serve in person. An itemization of. The reason and the basis for the claim. That's a statutory claim. That's a statutory claim. Understand. My question though was. What. Do you contend that the constitution. Requires. At a very minimum. The constitution requires. Notice. Of the liens itemized. And an opportunity to be heard. To rebut. And to present your side of the story. And moreover. There's another. Local. Under the local oakland. Ordinance. Under the housing code. Which applies. Because there was a house on this parcel. Under 8. 15. 08. 130. Fees and collections. They must make a demand in writing. Itemizing the fees and costs. That's 15. 03. 130 B. And moreover. They state. In section C. That the statute of limitations. Shall not run against the city. Of their right on payment. And in reference to that point by. Asserting. That the statute of limitations can't run. Under the doctrine of fairness and reciprocity. This means they can't use the statute of limitations as a. Sword against my client. Let me ask. So then your claim is that. They didn't give you. Notice that they were imposing the assessments. Proper notice as required by state law. Again. It's like a multi-step process. They didn't give you notice. They were opposing the assessments. That's correct. The liens were attaching. And they never gave you an opportunity to contest. That's correct. And it's our. Which are the liens that you're going after. They are. In our proposed third amendment complaint. They're stated in detail. They're also stated in the second amendment complaint. They. At a minimum. We assert that we can go back. Three years because it's a three year statute for injury to property. And under the. Let's assume that's not true. Suppose it's a two year statute. Are there liens in that time period? Yes, there are. We filed this. Or my client improper filed in November of 2003. And there were liens. Going all the way back to 96. And they were continuing even during the pendency of this federal court. They were first imposed after. Whenever the date is in 2001. Excuse me. There are some that were imposed whenever the day after 2001. That's correct. In fact, they're significant. And my client wasn't able to determine that. In fact, not only did he pay to 33,000 on these liens in April 2006. But after having an agent review the public records. Which is a subject of our motion to augment the record. Another 17,000 had been paid by my client illegally. For alleged zoning violations. Which never occurred based on the proof in this record. So. This was dismissed on the pleadings? After a 12B6 motion. By a third cause of action, right? That's correct. The only cause of action that the court allowed my client to proceed on was the equal protection argument. Which I believe was included in the fourth cause of action. In reference to only two citations. Without going into all the other issues that should have been brought before the court. Now the district court said in dismissing on the 12B6 motion.  The liens. As I understand it, she said. That just the mere attachment of a lien. Was insufficient to invoke due process protection. I'm glad you brought that up because I want to bring that in this context. The court cited the landmark case of Mitchell versus Grant. And the court misinterpreted that decision. Because in Grant, every step of the way. From the original filing of the lien. To the writ issuing on a sequestration. It was dealing with personal property on a sale of personal property. The debtor in that case had due process rights. The bond had to be filed by the creditor. In the event the writ issued. He had a right to a hearing to have the writ set aside. There was procedural safeguards every step of the way. In reference to that case. In our instance, we had no procedural safeguards. Under state law. Not only didn't he have prior notice of the lien. But he didn't have post notice. After the fact notice of the lien either. Until the sale notice. At one point in time. Once they were proceeding with the sale in March of 2004. He was getting his records together. He had to do detailed factual search. Research through himself and his agents. To find out what liens they were talking about. He sent a letter in writing to them. Asking for the specification. Was not provided. And was he given an opportunity for a hearing at that point? Before the sale? No. Before the sale? What the appellee did through his agents is they ignored him. They didn't even have the dignity of stating or responding to his two letters. And they violated state law. The Mahaloff versus Genovese case that we cited in our brief. In this instance, he had serious harm caused by the liens. Namely, the sale of his property at a public sale at a distressed price. A due process hearing would have given great value to avoid any serious errors or irregularities. By the appellee's city of Oakland. Just there's two other elements that are important. The dignitary interest of my client was denied. He didn't have a chance to state his position by way of testimony, witnesses or documents. And lastly, the administrative cost of a hearing would have been nominal. You can get a hearing on a $36 parking ticket in Oakland. You should be able to get a hearing when you're going to lose your major asset. Those are elements in the case. The cause of action as stated in the second amendment complaint is rather vague. But you would contend, I suppose, that it shouldn't have been dismissed because there would be consistent facts that you could present. So do you need the third amendment complaint for this for any reason, really? Well, in the third amendment complaint, the liens in question are specifically identified. But you don't need it to go forward. Well, technically not. But there is an inverse condemnation count that is not included in the second amendment. But on the procedure to process issue, you don't need it. I think that's a true statement. You don't have any doubt that the judge – well, I guess you have some doubt – but that the district judge had the right not to accept the third amendment complaint with all of what is going on and everybody's notice on everything. I'd like to address that point. I don't believe that a pally can show prejudice or injury or unreasonable delay based on their conduct. A few months before the trial date, they failed to produce their material witness, Mr. Nguyen, who was the police cadet who issued these two citations. We had to get a court order from the judge to force that deposition just two weeks before trial. I also state in my declaration that I had two other appellate briefs that I had to prepare a few months before the trial date in different cases. And also I was a trial attorney in Contra Costa that settled on July 17th right before a one-week trial was set. They cannot show prejudice because the inverse condemnation claim they should have known was going to be presented because when the court erroneously claimed that we had presented a takings claim, the court was in error. It truly was an inverse condemnation claim because a taking claim requires the entity to actually take the property by condemnation. But it is a takings claim. An inverse condemnation claim constitutionally is a takings claim. It may be, but it's a different type. So when you say there is no takings claim, you're – I mean, technically it's an inverse condemnation claim that can be subsumed under the general topic of a takings. But it wasn't an actual taking by failing to pay just compensation because they never condemned the property. They made false allegations. I understand that, but you certainly – for any outside observer, including the court, it would appear that you are now trying to allege something that was the contrary of what you were saying before because you were saying there was no takings claim and now you're trying to put in a takings claim. No, no. The point I'm trying to say is when the court dismissed that cause of action, the court was erroneous because we alleged 14th Amendment due process and 5th Amendment due process violations. In the Fifth Amendment, there is, again, life, liberty, and property is protected from unreasonable governmental interference. The court missed that issue because the court, as you know, can't rewrite a litigant's complaint. And so the court went beyond its capacity when it made the assumption that it was a takings claim. It wasn't styled as a takings claim in the Second Amendment complaint. My client had the right to bring that claim as a due process violation of his property interests as well as the emotional distress against his life interest and his physical ailments, including his heart condition. I want to address the issue of the motion and eliminate just briefly. The most important point is make sure I understand the statute of limitations issue, which I think you did, but I put it somewhere else. I'm afraid. Okay, let's let's. The analysis is that the statute bars most everything but one or two causes of action, and I bet yours is different. We differ. And the reason, the point I want to make is each recording of a lien constitutes a separate and independent wrong, which was continuing. It also constituted a cloud on title. Continuously. Goes on forever. Until removed, Your Honor. That's our claim. All right. And there's authority that supports that. But just a minute. The liens were imposed, i.e., recorded at some point. You say that at least a couple of them were recorded after whatever cutoff date, even the latest possible cutoff date. Right. But in addition, there was a sale or attempted sale. Correct. At a later point. And as I understand what you're saying is, well, if we didn't get a hearing at the time of the lien, we at least should have gotten a hearing at that point. Absolutely. So at the later point, you would basically incorporate any liens that were subject to the sale, essentially. That's correct. And just to address the Justice's point, take a look at Cotev v. First Colony Life Insurance Company, 1996 Central District case, 927 F. Supp., 1316 at 1319. And specifically, each false and invalid lien constitutes a new and independent act which is actionable. That was a case cited in our opposition to their motion for summary affirmance. And also the case of Dow v. City of Chicago is still good law. It was cited in 1996 in footnote number 6 in the case of National Private Truck Council v. Oklahoma Tax Commission, 1995, 515 U.S., 582 at 591 footnote 6, which basically states in paraphrasing, injunctive or declaratory relief may be available when the tax lien places a cloud on title, even if a legal remedy exists. And we argue that that applies here because there was a cloud on title. It affected my client's property rights. He could not refinance or sell his property until the lien was paid off or removed. And my client also is claiming he has the right to declaratory relief based on the continuing wrong theory. Obviously, he doesn't get declaratory relief. The statute of limitations was to be found appropriate to bar this action. The declaratory judgment action goes with it. Can you repeat that point? I didn't quite follow it. In other words, if we find, unlike your argument, that the statute of limitation bars one or another of these causes of action, the declaratory judgment action, so long as it's attached to one of those causes of action that we dismiss because of the statute, it goes, too. As a general statement, that's a true proposition, but we argue it's not applicable in this case because the lien continues and was a continuing wrong against the property until removed. And the only way that the liens were removed is my client was forced under duress and basically fraudulent conditions to pay off the lien just to protect his property. It would have been sold in April 2006, a major asset in his ability to earn a living because the repair shop is there, plus the revenue from the house, all would have been gone, would have been converted from him without due process of law. Let me ask you one procedural question. So the judge left for trial the equal protection claim. True. Did that actually go to trial? No. Did that claim? What happened is before the trial, after the motions in limine were argued and were submitted, we, the appellant, voluntarily agreed to dismiss that claim with his rights that he could appeal all other interlocutory orders in the course of the case, and that's how the case got before the Ninth Circuit. Now, if you get a remand, does that claim come back into the case? That's because, correct, that's my understanding. And just briefly on that motion in limine argument, the court, first of all, the jury trial never started. No witness was sworn. So the cases cited by my opposing counsel are inopposite. Those cases were after a verdict was entered and the judge, the trial judge, during the course of the trial gave counsel an opportunity to either cross-examine a witness outside of the presence of the jury or to make an offer of proof that was refused. I'm not sure I want to ask this question, but is there a final judgment here, then, if that claim can come back in? I believe that that claim can come back in because it's in the Second Amendment complaint and the court had allowed it, that the equal protection claim, I believe, can come back in. That's not my question, though. My question is if that claim is just hanging out there, do we have a final judgment here for purposes of appeal? Didn't she issue a final judgment? It was a final appealable judgment. Well, appealable is a conclusion. To my knowledge, she dismissed, and it's in the record, she dismissed all claims but without prejudice to are my clients right to appeal all rulings. I could be thinking of a different case, but I thought what she did was do that, but then later, realizing that was a problem, actually dismissed it with prejudice. Ironically. I think you're incorrect. In the record. She dismissed it without prejudice. I think we do have a problem. Yeah. I thought. No, she, nothing was dismissed with prejudice, and you don't have to take my representation. You can look at the district court's ruling on that. Do you want to save some time for that? I would. Thank you very much. Thank you for your attention. Thank you. Thank you for your attention. Good morning. Jennifer Matthews on behalf of the city of Oakland. Is there a final judgment? I believe there's a final judgment. It was not our understanding that the equal protection claim could come back. I just looked at appellant's excerpts of the record at the final judgment, and it's my understanding that that was the final judgment. What does it say? It says. No, I did have the right case. What happened was on October 23rd, she first issued something saying this matter has been voluntarily dismissed. But then she issued a judgment on the same day saying in clarification, no, later, in clarification of the order of dismissal, she orders that this matter be dismissed with prejudice, subject to the condition that plaintiff James Singh may appeal any prior interlocutory order. But that's always true. You can always appeal any prior interlocutory order. So. So the, so that appears then that the equal protection claim is gone. Correct. That is the city's understanding. That was our understanding all along. The final judgment had been entered with regard to that claim. There's one initial matter that I want to at least bring to the Court's attention because it's somewhat troubling, and it only dawned on me when I was preparing for oral argument. This appeal, where it challenges the 12B6 ruling and the complaint, any reversal of that 12B6 ruling is going to affect parties that were, or people that were parties to the action below that are not here on appeal. They weren't even served with the notice of appeal. There are several private parties who participated in the, the. Well, not necessarily. He could get damages. I'm sorry. Not necessarily he could get damages under 1980. If the city should have given him procedural due process with respect to the liens and didn't, and the result was whatever it was. I suppose. Is that what you're referring to? All I'm saying is if the reversal, I guess, is just with regard to the city of Oakland, then that's fine. But the causes of action were as to all defendants. Well, if they didn't appeal, that's their problem. I mean, why aren't there respondents? I'm sorry. I said that wrong. Why aren't there respondents or. . . They were never held appellate notice of appeal. The service, certificate of service was only to me. So I don't even think that they have knowledge. Did the district court, sort of in cleaning up the case and getting it ready for trial, did she dismiss all unserved defendants? No. They were served below. I'm saying they haven't been served with the notice of appeal. So they have no idea that this appeal is going on. The 12B6. . . So they were part of the case up until the time of entry of judgment? Up until the. . . Yes. I mean, her 12B6 order got rid of all other defendants except for the city of Oakland and those two equal parties. So when he appealed, he's only appealing, I guess, the ruling, the district court's ruling as it relates to the city of Oakland. I guess. However, each cause of action. . . And if he reverses to the city of Oakland and he tries to take some action against the other parties, I mean, the district court will sort it all out, I assume. I assume. I just wanted to bring that to the Court's attention. I'll move on. And the third cause of action in particular only pertains to the city. Okay. The third cause of action, the liens imposed without notice. Yes. The district court. . . Why doesn't that go far? Isn't the district court, first of all, just wrong about Mitchell v. Grant applying what about the Connecticut v. Doar and that whole line of cases? I don't think that the district court erred with regard to Mitchell v. Grant. The United States Supreme Court discussed at length attachments of liens on property. What about the later cases, the Connecticut v. Doar? That doesn't count? I'm sorry, I didn't hear. What about the Doar case, which followed several years later in 1991? Doesn't that distinguish Mitchell? And you did not use any of your earls to tell us about that distinction? I have to admit that I am not aware of that case. And so to the extent that there are. . . I didn't think the district judge was either, so you're in good company. Well, no, that is definitely an error on my part. And if there is case law which states that liens impose without notice. . . Well, see, there is a statement in Doar that at 111 Supreme Court, I can't. . . at 2113, where the court said it's talking about Mitchell. Then it goes on to say, To the contrary, our cases show that even the temporary or partial impairments to property rights that attachments, liens, and similar encumbrances entail are sufficient to merit due process protection. Believe it. I absolutely believe you. But also, even aside from that, the argument in Mitchell, well, the issue in Mitchell was pre-attachment notice and hearing, right? The obverse being post-attachment notice and hearing. His allegation is he had no notice in hearing, pre or post. Now, it could not be true, but that's his allegation. Well, the problem here is in the second amended complaint under the third cause of action, he definitely alleges, there's no allegation that there was a sale whatsoever, and the property was never sold. But they attempted to sell it. An attempt to sale. . . But that. . . And he says that he never had an opportunity to contest the substance of the underlying liens that led to that attempt in any form at all, either pre or post the recording of the lien. That can be sorted out, but that's the allegation. So how can that not be a due process problem? I mean, Mitchell deals with the pre, but I don't know any case that would support the notion that you could never give a hearing on the substance of a lien before you sell the house or attempt to sell the house. The only response I would have to that claim is that in his second amended complaint under the third cause of action, he says that fines and penalties were secretly and without notice issued against his property. He doesn't talk about pre or post. He doesn't distinguish between pre or post. Exactly. He doesn't. I mean. . . Because he doesn't. And we're dealing with a 12b-6. Either pre or post will do. On a complaint that was written by a pro se. This complaint was not written by a pro se. Second Huckabee has. . . It says. . . The complaint was. . . It says second amended complaint, James Singh, 1164 Solano Avenue, 122 Albany. Plaintiff pro per. Well, Mr. Vlazakis had made his appearance in the case at the time the second amended complaint was filed. So I. . . It was my understanding. And he was the one that litigated all the motions to dismiss pursuant to 12b-6. So I'm not clear. If it was. . . If it was drafted by Mr. Singh in pro per, then potentially there is error there. Again, you know, all I can say is that. . . The complaint goes on anyway. Defendant Elklin attempted to have plaintiff's property sold at a sheriff's sale on or about March of 2004 without notifying plaintiff of his right to an administrative hearing on the underlying merits of the claim fines and penalties prior to their issuance. That seems pretty specific. Well, Your Honor, as I stated, I have to concede that I was not aware of the case following Mitchell. If. . . I'm saying. . . That's a big problem. But the other big problem is that even given Mitchell, the question in Mitchell was whether it was a prior notice question, but the allegation here was there was never a notice on hearing, pre or post. And in. . . Well, it just seemed to me in Mitchell is that a lien. . . The purpose of a lien was simply to. . . Is simply to secure a creditor's right upon final judgment. Here there was nothing was finalized. The property was never sold. It remained. . . Is it not true that there was an attempt to sell it? I mean, first of all, there's an allegation that there was an attempt to sell it. Defendant Elklin attempted to have plaintiff's property sold at a sheriff's sale on or about March of 2004. That's the allegation in the complaint. I have knowledge that goes beyond the allegation. All right. But we're dealing with a complaint. I can't contest what the allegations are in the complaint. I mean, I'm not going to go on and say that, yes, you know, all of that's not true. I understand what you're saying. All he had to do was plead a prima facie case. And it appears, you know, based on the court's interpretation in the later case, that he may have pled a prima facie case with regard to the liens being imposed without notice. I mean, that's all I can say with regard to that issue. Tell us about your view about the statute of limitations in these courts of action. Well, there are several. For instance, with regard to his fourth cause of it, the takings, the issue whether or not it was a takings or a due process claim, he specifically – that claim is related to an August 1998 inspection of his property. That is clearly barred by the statute of limitations. He says that the inspection occurred in August 1998 and the violation arose from that. With regard to the liens, again, it was a vague pleading. He says that liens imposed since 1995. There was no allegation when they stopped. But at least, again, leaving out what may be true on the ground, any liens that were triggers for the purported March 2004 attempted sale, presumably up until that point, not having had a hearing, would be wrapped in to that. In other words, on the allegation, it would seem to me not to matter whether the lien was imposed before the statute of limitations if it persisted up until March 2004 and was a trigger for the sale. And he still, he says, had no notice in hearing. Then he has – he's alleging a right to have some notice in hearing sometime before the sale was attempted. So it would continue forward, it seems to me. Those at least would continue forward. Or either never knowledge or never an opportunity for a hearing. That's his allegation. So in other words, all the liens that were involved in the 2004 attempted sale, even if imposed prior to the statutory cutoff date otherwise, it seems to me, would still be live for the purposes of a – the procedural due process issue. I wouldn't – I mean, I wouldn't necessarily agree with that assessment. If the lien was – if there was a lien imposed, say, for instance, on September 1st, 1995, and at some point he gains knowledge of that lien and there's an attempted sale prior to 2004 or 2003 when the statute of limitations stopped. I mean, the moment he becomes aware of the attempted sale with regard to that lien and has an opportunity for a hearing. And has an opportunity for a hearing. And has an opportunity for a hearing or doesn't have an opportunity for a hearing and now has a claim. I mean, it's when his claim is rose. His claim would arise the moment he realized that there were attempted sales. He was attempting to sell his property and he hadn't had notice of it. If there was a prior – if there was a prior sale on the same property, you're probably right. Right. And again, I have knowledge beyond the complaint. But I'm going based on sort of the vague allegations of the plaintiff. It's hard to tell whether or not it was multiple liens on multiple separate dates that resulted in these multiple separate attempted sales, or is it one lien that starts off in 95 and sort of grows because it's never paid and there's only one attempted sale later in 2004? So that's the statute of limitations problem. And I think that's where the district court found that there just wasn't enough specificity in the complaint to get around it. But his view is it's simply a continuing obligation. It doesn't really ever stop the validity of the lien. I mean, it just keeps going. And there is no real – in this case. I don't mean to generalize. Here the statute doesn't apply because whatever the liens – whenever the liens were placed, they continue to be valid so that the statute isn't running until there's notice of some sort. But at some – he's also made the allegation that at some point plaintiff has made multiple payments with regard to these liens. And that's why it doesn't seem like it's an ongoing one lien that's sort of building. He's paying pieces of separate liens at different times and there are different attempted sales. And again, it's very vague in the complaint. But I'm listening to the argument that he's made today. He said that his client made $30,000 in payments with regard to these liens. So it doesn't sound to me like a continuing something that happened one time and it's sort of – But the bottom line is that if there are, in fact, one or more liens between 2002 or so and 2004, then there's something alive. It appears so, if that may be an issue. I guess I just want to address briefly. It didn't come up. I don't believe that plaintiff talked about his – the dismissal of his second cause of action for excessive fines. I would just argue that the district court's dismissal of that was proper. He essentially says that – he alleged that he was fined in an amount totaling $24,000. It's not clear why those fines were imposed under – whether it was under a statute and what the fines – each separate fine was for. So there's no way to determine whether or not the fine was excessive. He's essentially alleging that the total fines were excessive. But it could have been $24,000 a thousand times. With regard to, briefly, the third amended complaint, in his opening brief, he does not address the undue delay finding. That argument is waived. He addressed it today before the court, but he did not challenge it in his opening brief, nor did he challenge it in his reply brief. So the district court's undue delay finding should stand as unchallenged. And then, finally, with regard to the third motion in limine, this court – the district court definitely issued a tentative ruling. The – a review of her pretrial order shows that's clear. She says it is denied without prejudice and plaintiff is given the opportunity to make an offer of proof at trial. I understand counsel's argument that the case was dismissed and it never proceeded to trial, but it is ignoring the fact that the dismissal was voluntary. It was – it was his choice. And to permit a plaintiff to voluntarily dismiss a claim because they don't like a tentative motion in limine ruling would nullify this court's prior holdings. But if the equal protection claim is gone, is history, isn't this all kind of moot? Because the motion in limine was related to the equal protection claim, correct? Or am I wrong? Well, I guess it was. It was also an attempt to – I guess it was. You're right. It was, because it was – he wanted to bring in prior fines and citations assessed to show a pattern of practice. Yeah, but my understanding is that it's history, but he's appealing it. So – and he's appealing it on the ground, but I don't know that he gets to do this, on the ground that it's history because the motion in limine was such that he essentially couldn't litigate the case he wanted to litigate. But that seems like a very odd way to proceed to me because, in fact, there was no trial on the issue. For all we know, he would have won it anyway, and even without this evidence. And moreover, it doesn't seem like taking a dismissal is the way to litigate an evidentiary ruling, and that's what it was. It was an evidentiary ruling. So the fact that the equal protection thing – I mean, he can appeal the dismissal of the equal protection claim, but the question is can he dismiss it on this ground, on the ground that the motion in limine was incorrect, the denial of the motion in limine. Can he do that? I – you know, I'm – first of all, I'm not sure he can appeal the dismissal of the equal protection claim in that it was voluntary. He moved to dismiss it. So I don't know what his argument would be that he would argue he made a mistake or it was – I mean, presumably if he was coming in here in pro per or with, you know, other counsel and was arguing maybe ineffective assistance of counsel or something, but just sort of – Well, it's sort of like a motion to suppress. I mean, this is the kind of thing that happens in criminal cases all the time, right? Right. You file a motion to suppress, and the motion to suppress is denied. And you then, you know, plead guilty except reserving the right to appeal. The denial is the motion to suppress. And the reason we allow that is because everybody agrees that with that motion to suppress, you can't have a sense – he would lose the trial, so he wants to. And we allow that to happen. I don't know why. Why is it different? Well, it's different here because it's not exactly the same. This was not – he wanted to bring in additional evidence to further bolster his equal protection claim against the city of Oakland to show that they had a pattern of practice of discriminating against people in his protected class. He could still prove the individual, presumably, claims of the violation of equal – his equal protection rights based on the two citations that were issued and remained in the case. So the exclusion of that evidence, the sort of pattern and practice evidence that he sought to introduce, if it had in fact been excluded later, he still could have won his equal protection claim on the two single citations which he said violated his equal protection rights. So it's not the same as a criminal defendant who loses a motion to suppress and a gun comes in against him, and that's going to be it. He's going to be convicted. Or blood evidence comes in. This is a case where he could have proven the equal protection violations with regard to the individual claims. He just sought to additionally prove a pattern in practice. Okay. I'm going to be relatively brief, Your Honors. You only have about 15 seconds. If I can just address, like, three or four points that were raised. 15 seconds. In my research for preparing for this hearing, and I sent a copy of a case or a citation to opposing counsel and to the clerk of this court on July 11th, but Hain v. Caruso, H-E-Y-N-E, Ninth Circuit, 1995, 69, F-3, 1475, at 1481, 1482. Basically, the case holds you don't need to make an offer of proof when a complete class of evidence is excluded. That occurred in this case, namely the citations that occurred in 1998. So any later attempted of showing an offer of proof would have been meaningless, and the case so holds, and I believe it's dispositive. Just as Judge Brezan was mentioning a minute ago, I find it very difficult to understand. Having voluntarily dismissed that equal protection claim, and the judge having entered a dismissal with prejudice so you could perfect your appeal, I don't see how you can challenge that in limine ruling that actually I think was without prejudice that you could have renewed during the course of the trial. The argument is by only allowing. And unlike in the criminal procedure where a motion to suppress is denied, the rules of federal criminal procedure specifically allow the defendant to enter a plea and to do exactly what Judge Brezan was saying. But I don't find a similar counterpart in the federal rules of civil procedure. If I can just argue the point, because I think my client may have been misled on that point, because it was not our understanding that if we prevailed in the appeal that he'd be able to present all of the valid claims that he had, including that equal protection argument. But my belief is that if you prevail here on, let's say, on this third cause of action, we get a reversal on that, that you go back down and you can ask the district court judge to reinstate that equal protection claim. That's correct. That's what you're saying. That's our argument, because we're claiming that by only letting him try two narrow citations that occurred in January of 2004, basically his case was totally weakened by the court. But she didn't even definitively say that. She said that was her ruling at the outset, but it could be renewed depending on how the evidence came in. And it is, of course, very difficult to make a judgment like that in advance of trial and depending on how, without seeing the evidence. Not really. The motion limiting was self-contained. All of the exhibits that supported the motion were part of the pretrial exchange of exhibits. So there really wasn't nothing to add other than possibly the declarations of testimony of my client and his former counsel on the issue. Really, all the facts in the law were before the court. And that Ninth Circuit case that we cited is dispositive. You're allowed to bring in evidence on bad motive, the scheme, design, et cetera, even if technically it's outside the statute of limitations. That's Ninth Circuit law that can't be overturned. Okay. Now you're way over the time limit. Your last point right now. Okay. The last point is in reference to the excessive penalties, we assert under the Bainbridge case, Riverside County Community Facilities v. Bainbridge, 1999, 77 Calop 4, 644, at 656, 657. If you're going to claim remediation, which they are arguing without support in the record, you have to provide the property a benefit or improvement or it's illegal to assess a special priority assessment like they did in this case. Again, they violated fundamental State law in recording these false, fraudulent and bogus claims. Thank you. Thank you. Appreciate the Court's time and allowing me to go over. We appreciate all the arguments. The case is submitted.
judges: Paez, Berzon, Baer